Connors, Thomas A., J.
The plaintiff, P.S.P.S. Legal Support Services, Inc., brought the above-numbered action- against its former employee, the defendant, Andrew LeBlanc, alleging inter alia, contractual breach and the misappropriation of trade secrets. The Court issued an Order dated August 26, 2003 enjoining the defendant from engaging in particular business activity involving clients of his former employer, the plaintiff, pending trial on the merits of the case.
The plaintiff brought a complaint for contempt, alleging that the defendant had violated the terms of the preliminary injunction. Hearing was conducted on August 12, 2005. At the conclusion of the hearing, the Court determined that the defendant had violated the terms of the injunction. As a sanction, the Court stated that the plaintiff might be awarded reasonable costs and expenses made necessary in bringing the contempt action. The plaintiff was given the opportunity to file submissions with the Court reflecting its costs claimed in connection with prosecution of the contempt action, which the plaintiff has done.
The award of counsel fees is authorized in civil contempt cases as “fair compensation for losses suffered because of disobedience of the court’s order.” Darmetko v. Boston Housing Authority, 378 Mass. 758, 763 n.7 (1979). Those losses may include expenses of counsel fees and other disbursements as well as taxable costs incurred in enforcing the plaintiffs rights. Coyne Indus. Laundry of Schenectady v. Gould, 359 Mass. 269, 277 (1971). Such awards are intended to be compensatory and remedial. Grunberg v. Louison, 343 Mass. 729, 736 (1962).
After review of these submissions, the Court orders that the defendant pay to the plaintiff attorneys fees in the amount of $14,712.50 plus expenses in the amount of $1,069.65.